```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

WILLIAM S. SHAW,

    Plaintiff,

v.                            Case No: 2:22-cv-00105-JES-NPM

C.J. SCERBO, JAMES IVERSON, JIM FITZGERALD, GILBERTO FREITAS, MIGUEL OLIVENCIA, BRIAN HORNSBY, and HEALTHPARK HOSPITAL,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of defendants C.J. Scerbo, James Iversen, Jim Fitzgerald, and Gilberto Freitas's Motion to Dismiss Plaintiff's Complaint (Doc. #6) filed on March 2, 2022. Plaintiff did not file a response, and the time to do so has passed. For the reasons set forth below, the Motion to Dismiss is granted, the Complaint is dismissed (partially without prejudice), and Plaintiff is granted leave to file an amended complaint if he chooses to do so.

I.

On January 12, 2022, *pro se* Plaintiff William S. Shaw (Plaintiff or Shaw) filed a Complaint against defendants C.J. Scerbo, James Iversen, Jim Fitzgerald, Miguel Olivencia, Gilberto Freitas, Brian Hornsby, and Healthpark Hospital in the Circuit

Court of the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. #1-1.) As can be deciphered, it appears that the Complaint asserts the following claims: (1) violation of 42 U.S.C. § 1320d-6; (2) Fourth Amendment constitutional violations; (3) Florida State criminal violations under § 784.011, § 784.03, § 787.02, and § 784.021; (4) negligence; and (5) breach of contract. (Id.) On February 16, 2022, defendants C.J. Scerbo, James Iversen, Jim Fitzgerald, and Gilberto Freitas (collectively Defendants) removed the action to this Court on the basis of federal question jurisdiction. (Doc. #1.)

Even liberally construing Plaintiff's Complaint, the underlying facts of this case are unclear to the Court. The Complaint appears to allege that Plaintiff is a senior citizen who was (at an unknown time) a patient at Healthpark Hospital (the Hospital) in Lee County, Florida. (Doc. #3, ¶¶ 1, 3, 11.) While at the Hospital, "security[1]" would not permit Plaintiff to travel to various places within the Hospital or exit the building, and demanded that Plaintiff submit to an "illegal medical procedure." (Id., ¶¶ 3, 6.) Plaintiff alleges that security acted with malice, was negligent, mentally and physically abused him, and illegally

---

[1] The Complaint does not identify who was acting as "security" at the hospital. (Doc. #3.) In the motion to dismiss, defendants Scerbo, Iversen, Fitzgerald and Freitas state that at all times material hereto, they were acting in their capacity as security officers for Lee Memorial Health System. (Doc. #6, p. 1.)

disclosed his personal health information. (Id., ¶¶ 2, 5, 8.) Plaintiff further alleges he was placed under false arrest and injured his back, which required prolonged hospital care, surgery, and physical therapy. (Id., ¶ 11.) Plaintiff seeks $1.5 million in damages, $1.5 million in punitive damages, and $500,000 for "future damages." (Doc. #3, p. 3.)

Defendants now move to dismiss the Complaint because (1) it is a shotgun pleading; (2) and fails to state a claim for which Plaintiff is entitled relief under the law. (Doc. #6, pp. 2-5.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also, Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

A *pro se* amended complaint is to be liberally construed and "held to less stringent standards than complaints drafted by lawyers." Stephens v. DeGiovanni, 852 F.3d 1298, 1318 n.16 (11th Cir. 2017). Liberal construction means that a federal court sometimes must "look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations" to determine if a cognizable remedy is available. Torres v. Miami-Dade Cty., Fla., 734 F. App'x 688, 691 (11th Cir. 2018). Yet, there are limits to the court's flexibility as it does not have the "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). A *pro se* pleading "must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

### III.

The Court will address the merits of Defendants' motion to dismiss below.

**A. Shotgun Pleading**

Shotgun pleadings violate Rule 8 because they "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach

Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015).[2] Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. See generally Jackson v. Bank of Am., 898 F.3d 1348, 1357 (11th Cir. 2018) (detailing the "unacceptable consequences of shotgun pleading"); see also Cramer v. Fla., 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings . . . exact an intolerable toll on the trial court's docket."). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. Weiland, 792 F.3d at 1320. In a case where a *pro se* plaintiff files a shotgun pleading, a

---

[2] In Weiland, the Eleventh Circuit identified "four rough types or categories" of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of realleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland, 792 F.3d at 1321-23.

court "should strike the [pleading] and instruct [plaintiff] to replead the case — if [plaintiff] could in good faith make the representations required by Fed. R. Civ. P. 11(b)." Byrne v. Nezhat, 261 F.3d 1075, 1133 n.113 (quoting Cramer, 117 F.3d at 1263).

Defendants argue that Plaintiff's Complaint is a "classic rambling shotgun pleading" because it mixes incoherent factual allegations with legal conclusions, and does not distinguish what actions underlie Plaintiff's claims against each defendant. (Doc. #6, p. 3.) The Court agrees. While Plaintiff provided numbered paragraphs, he fails to articulate claims with sufficient clarity to enable Defendants to properly frame a response, which constitutes a shotgun pleading. See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 980 (11th Cir. 2008). For example, the Complaint alleges that

> 5. 4th amendment violation. Assault, Battery. Security orders that I allow [sic] to a search or I could not leave. SECURITY intentional [sic] inflicts with malice, mental and physical abuse causing permanent injuries.

(Doc. #3, ¶ 5.) This "vague manner of pleading makes it impossible for each Defendant to know precisely which violations [he] is being accused of having committed." Larkin v. Cantu LLC, Case No. 6:15-CV-1544-ORL-40KRS, 2017 U.S. Dist. LEXIS 96518, 2017 WL 2684422, at *5 (M.D. Fla. May 31, 2017).  Likewise, the Complaint impermissibly asserts multiple claims against multiple defendants.

Such collective pleading may be permissible when "[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000). However, in this case Plaintiff's shotgun pleading is particularly problematic because Defendants are left guessing each Defendants' alleged misconduct for each cause of action. See Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (dismissal appropriate for pleading deficiencies when plaintiff's complaint made general allegations against all of the named defendants, making it "virtually impossible to ascertain . . . which defendant committed which alleged act.").[3] For these reasons, Plaintiff's shotgun Complaint is dismissed for noncompliance with Rule 8(a).

"In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" Jackson, 898 F.3d at 1358 (quoting Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)). Accordingly, Plaintiff will be provided an opportunity to amend, but if the Amended Complaint is a shotgun pleading, the Court has authority to dismiss it on that basis alone. See Weiland, 792 F.3d at 1320.

---

[3] Each count must identify by name the defendant who is alleged to be liable for the conduct described in the count, and set forth plausible facts showing the liability of each named defendant.

For additional resources and assistance, Plaintiff may wish to consult the "Proceeding Without a Lawyer" resources on filing a pro se complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro se/default.htm. The website provides guidelines for filing, answers to frequently-asked questions, a glossary of legal terms, and sample forms. There is also a link that, through a series of questions, may help Plaintiff generate an amended complaint. See https://www.flmd.uscourts.gov/forms/all/litigants-withoutlawyers-forms.

Finally, some general instructions for filing an amended complaint include: the amended complaint must (1) assert each claim in a separate numbered count; (2) clearly identify the specific defendant(s) against whom each claim is asserted; (3) clearly explain the factual allegations supporting each claim and their application to each defendant against whom the claim is asserted; (4) avoid vague, generalized, conclusory, contradictory or irrelevant assertions; and (5) avoid incorporating prior counts into those which follow.

**B. Failure to State a Claim**

Defendants also seek to dismiss certain claims set forth in Plaintiff's Complaint because they fail to state a claim upon which relief may be granted under Rule 12(b)(6). (Doc. #3, pp. 4-5.) In particular, Defendants maintain that any claims Plaintiff seeks to

bring under Florida criminal statutes and under 42 U.S.C. § 1320d-6 should be dismissed with prejudice as there are no private causes of action under these statutes. (Id.)

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Complaint appears to allege that the security officers violated Florida criminal law under § 784.011, § 784.03, § 787.02, and § 784.021, which address crimes such as assault, battery, false imprisonment, and aggravated assault. (Doc. #3, ¶¶ 4, 7, 9.) It is a longstanding principle of American jurisprudence that a civil

litigant generally cannot seek the enforcement of criminal statutes. Bass Angler Sportsman Soc'y v. U.S. Steel Corp., 324 F. Supp. 412, 415 (S.D. Ala. 1971), aff'd sub nom. Bass Anglers Sportsman Soc'y of Am., Inc. v. Koppers Co., Inc., 447 F.2d 1304 (5th Cir. 1971) (citing United States v. Claflin, 97 U.S. 546, 24 L. Ed. 1082 (1878)). Rather, "criminal statutes can only be enforced by the proper authorities" of the federal and state governments (in this case, either the United States Department of Justice or the State of Florida, respectively). See id.

One exception to this rule arises where the federal or state criminal statute provides a private right of action. Gonzaga Univ. v. Doe, 536 U.S. 273, 283-84 (2002). The threshold question in determining whether a federal criminal statute provides a private right of action is "whether Congress *intended to create a federal right*." Id. (emphasis in original). The inquiry should be answered in the negative when a "statute by its terms grants no private right to any identifiable class." Id. (citing Touche Ross & Co. v. Redington, 442 U.S. 560, 576 (1979)) (internal quotation marks omitted). As such, for Plaintiff to sustain his causes of action seeking to enforce criminal laws through this civil lawsuit, each statute must authorize a private right of action. None of these criminal statutes, however, permit private causes of action. Accordingly, those portions of the Complaint that assert claims

against Defendants for violating § 784.011, § 784.03, § 787.02, and § 784.021, Fla. Stats., are hereby dismissed with prejudice.

For similar reasons, the Court also finds that Plaintiff has failed to allege a viable claim pursuant to 42 U.S.C. § 1320d-6. Plaintiff alleges that the security officers violated Section 1320d-6 of the Health Insurance Portability and Accountability Act (HIPAA) by illegally disclosing his person health information. (Doc. #3, ¶ 2.) The HIPAA generally prohibits the disclosure of medical records without a patient's consent. See 42 U.S.C. §§ 1320d-1 to 1320d-7. "While it provides civil penalties for improper disclosures of medical information, it does not expressly create a private cause of action to enforce the prohibition on disclosure." Laster v. Careconnect Health Inc., 852 F. App'x 476, 478 (11th Cir. 2021). "Instead, it limits enforcement of the statute to the Secretary of the Department of Health and Human Services." Id. (citing 42 U.S.C. § 1320d-5). "For that reason, no private right of action can be implied." Id. Accordingly, Plaintiff cannot state a claim for relief under HIPAA, and this cause of action is dismissed with prejudice.

Accordingly, it is hereby

**ORDERED**:

1. The Complaint (Doc. #3) is **DISMISSED without prejudice**, except those claims pertaining to Florida criminal statutes § 784.011, § 784.03, § 787.02, and § 784.021,

and HIPAA violations under 42 U.S.C. § 1320d-6, which are **DISMISSED with prejudice**.

2. Plaintiff may file an amended complaint within **THIRTY (30) DAYS** from the date of this Order. Failure to do so will result in closure of the case without further order.

3. If and when filed, Defendants shall answer or otherwise respond to the Amended Complaint within **TWENTY-ONE (21) DAYS** of the date of service.

**DONE** and **ORDERED** at Fort Myers, Florida, this __25th__ day of March, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record