UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM S. SHAW,

       Plaintiff,

v.                              Case No: 2:22-cv-00105-JES-NPM

C.J. SCERBO, JAMES IVERSON,
JIM FITZGERALD, and GILBERTO
FREITAS,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendants C.J. Scerbo, James Iversen, Jim Fitzgerald, and Gilberto Freitas'[1] Motion to Dismiss Plaintiff's Amended Complaint (Doc. #19) filed on May 3, 2022. Defendants filed a Supplement to Motion to Dismiss (Doc. #20) on May 4, 2022. Plaintiff did not file a response, and the time to do so has passed. For the reasons set forth below, the motion is granted without prejudice.

I.

This is a *pro se* action brought by plaintiff William S. Shaw (Plaintiff) against several security officers that arose from Plaintiff's attempt to leave Healthpark Medical Center against

---

[1] Defendants advise that previously named defendants Miguel Olivencia and Brian Hornsby were not served with the original complaint and have not made an appearance in this matter. (Doc. #19, p. 1.) The Court also terminated Healthpark Medical Center as a named defendant on April 15, 2022.

medical advice.  On March 25, 2022, the Court issued an Opinion and Order dismissing Plaintiff's original Complaint without prejudice as a shotgun pleading, except claims pertaining to Florida State criminal violations under § 784.011, § 784.03, § 787.02, and § 784.021 and HIPAA violations pursuant to 42 U.S.C. § 1320d-6, which were dismissed with prejudice for failure to state a claim. (Doc. #9, pp. 7, 11-12.) The Court explained why the initial Complaint was a shotgun pleading and directed Plaintiff to additional resources for filing a complaint. (Id., pp. 7-8.) Plaintiff was granted leave to amend his Complaint so he could fix the deficiencies. (Id., p. 12.) On April 12, 2022, Plaintiff filed an Amended Complaint. (Doc. #14.)

Like the original complaint, the Amended Complaint alleges that he was a patient at Healthpark Medical Center (Healthpark) in Lee County, Florida.  (Doc. #14, p. 1.) Defendants C.J. Scerbo, James Iversen, Jim Fitzgerald, and Gilberto Freitas (collectively Defendants) worked at Healthpark as security officers throughout the duration of Plaintiff's medical care. (Id.) Plaintiff alleges that the Defendants approached him in an aggressive manner, illegally detained him at Healthpark, sought to remove an internal medical device from his body, placed his life in danger, and unlawfully accessed and released his medical information to the public. (Id., ¶¶ 1-9.) Plaintiff alleges that he suffered physical

injuries and emotional stress and trauma as a result of the Defendants' actions. (<u>Id.</u>, p. 2.)

Read liberally, the Amended Complaint alleges the following claims[2] against Defendants: (1) assault and battery; (2) unlawful demand to remove an internal medical device; (3) false imprisonment and false arrest; (4) negligence and breach of contract; and (5) unlawful release of medical information. (Doc. #14, ¶¶ 1-9.) Plaintiff seeks a total of $9 Million in damages. (<u>Id.</u>, p. 2.)

Defendants urge the Court to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is a "classic rambling shotgun pleading" and fails to state a claim upon which relief may be granted. (Doc. #19, pp. 2-6.)  The Court is persuaded by the second argument.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a

---

[2] In addition to the allegations against Defendants, the Amended Complaint appears to set forth motions to suppress and compel, and a request for legal representation pursuant to Fla. Stat. § 27.40 (Doc. #14, ¶¶ 1-4.) To the extent Plaintiff intended to file any such motion or request, a complaint is not the appropriate vehicle for doing so. Rather, Plaintiff must comply with Local Rule 3.01 when filing any motions, or he may go to https://fedcourts.sharepoint.com/sites/FLMD/SitePages/Pro-Bono-Attorneys.aspx for a list of attorneys who may be willing to assist him with his case.

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also, Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

A *pro se* amended complaint is to be liberally construed and "held to less stringent standards than complaints drafted by lawyers." Stephens v. DeGiovanni, 852 F.3d 1298, 1318 n.16 (11th Cir. 2017).  Liberal construction means that a federal court sometimes must "look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations" to determine if a cognizable remedy is available. Torres v. Miami-Dade Cty., Fla., 734 F. App'x 688, 691 (11th Cir. 2018).  Yet, there are limits to the court's flexibility as it does not have the "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).  A *pro se* pleading "must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of

any factual basis." <u>Jones v. Fla. Parole Comm'n</u>, 787 F.3d 1105, 1107 (11th Cir. 2015).

### III.

The Court will address the merits of Defendants' motion to dismiss below.

#### A. Shotgun Pleading

Defendants assert that the Amended Complaint remains a shotgun complaint which should be dismissed.  A shotgun pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The unifying characteristic of . . . shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1322 (11th Cir. 2015).

Plaintiff appears to have attempted to correct at least some of the deficiencies in the original Complaint.  The Amended Complaint sets forth eight paragraphs which attempt to set forth claims.  While the Amended Complaint is not a "shotgun" pleading, its allegations are vague and insufficient, generally asserting legal conclusions rather than facts.  As discussed below, this violates Rule 8 and is insufficient to enable Defendants to properly frame a response. <u>See</u> <u>LaCroix v. W. Dist. of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015).

**B. Failure to State A Claim**

Defendants argue that Plaintiff's Amended Complaint should also be dismissed because it fails to sufficiently allege recognized causes of action or the necessary elements of each cause of action for which relief may be granted. (Doc. #19, p. 4.)  The Court agrees.

Although the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff when considering a Rule 12(b)(6) motion to dismiss, Erickson v. Pardus, 551 U.S. 89 (2007), "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted).

**(1)  Assault and Battery**

The Amended Complaint alleges that Plaintiff was assaulted when security approached him in an aggressive manner "stepping 1 foot in my face terriffiyig [sic] me a [sic] as I believed they were going to harm me." (Doc. #14, ¶ 1.)  Plaintiff also alleges that he was repeatedly and constantly assaulted and battered, but he provides no factual support.  (Id., ¶¶ 2, 4.)

- 6 -

"Under Florida law, assault and battery are two distinct torts." <u>Bercini v. City of Orlando</u>, No. 6:15-cv-1921-Orl-41TBS, 2016 U.S. Dist. LEXIS 195772, at *22 (M.D. Fla. Sep. 30, 2016) "[A]n assault is defined as 'an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.'" <u>Watkins v. Johnson</u>, 853 F. App'x 455, 461 (11th Cir. 2021) (quoting Fla. Stats. § 784.011(1)). "[A] battery consists of the intentional infliction of a harmful or offensive contact upon the person of another." <u>Sullivan v. Atl. Fed. Sav. & Loan Ass'n</u>, 454 So. 2d 52, 54 (Fla. 4th DCA 1984).

Taking the factual allegations in the Amended Complaint as true, Plaintiff has failed to plausibly allege a claim for assault or battery. The Amended Complaint does not allege that any of the Defendants made an intentional unlawful threat or intentionally inflicted harmful or offensive contact upon Plaintiff. Stating that all defendants stepped within a foot in an aggressive manner is not sufficient to state a plausible claim. Furthermore, Plaintiff only provides legal conclusions with no factual allegations from which the Court could infer that Plaintiff was assaulted or battered by Defendants. <u>See</u> <u>Mamani</u>, 654 F.3d 1148, 1153. Defendants are entitled to dismissal of Plaintiff's claims for assault and battery under Rule 12(b)(6).

**(2)  Unlawful Demand To Remove An Internal Medical Device**

The Amended Complaint alleges that the security officers made multiple unlawful demands upon Plaintiff to allow them to remove an internal medical device from his body without any doctor ordering them to do so. (Doc. #14, ¶ 3.)  Defendants respond that this claim should be dismissed because these allegations do not state a recognized cause of action upon which relief may be granted, nor do Defendants have the medical training or ability to remove medical devices.  (Doc. #19, p. 4.)

Even liberally construing these allegations, a claim that the Defendants sought to be allowed to remove a medical device from Plaintiff's body fails to state a plausible claim.  See Iqbal, 556 U.S. at 678-79. Defendants' authority or training to remove an internal medical device has no particular relevance.  Thus, Plaintiff has failed to allege a cognizable claim upon which relief may be granted, and Defendants' motion is therefore granted as to this claim.

**(3)  False Imprisonment and False Arrest[3]**

The Amended Complaint alleges that Plaintiff was falsely imprisoned and arrested when "all security circle [sic] [him] so

---

[3] The Amended Complaint alleges that the Lee County Sheriff's Office directly caused Plaintiff's unlawful arrest and resulting physical and emotional injuries.  (Doc. #14, ¶ 8.)  However, the Lee County Sheriff's Office is not named as a defendant in this matter.

tightly [he] could not move, refusing to allow [him] to leave for 1 hour and 43 min[utes]." (Doc. #14, ¶¶ 4, 7.) Defendants argue that Plaintiff has failed to plead the required elements to state a false imprisonment or false arrest cause of action, and therefore they are entitled to dismissal of these claims. (Doc. #19, pp. 4-5.)

Under Florida law, "[f]alse imprisonment is the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty." Archer v. City of Winter Haven, 846 F. App'x 759, 763 (11th Cir. 2021) (quoting Johnson v. Weiner, 155 Fla. 169, 19 So. 2d 699, 700 (Fla. 1944)). False arrest and false imprisonment constitute interrelated causes of actions. Mathis v. Coats, 24 So. 3d 1284, 1289 (Fla. Dist. Ct. App. 2010). However, "false imprisonment is a broader common law tort[,] [and] false arrest is only one of several methods of committing false imprisonment." Id.

For a false arrest or false imprisonment claim under Florida law, Plaintiff must plead and ultimately prove four elements: "1) the unlawful detention and deprivation of liberty of a person 2) against that person's will 3) without legal authority or 'color of authority' and 4) which is unreasonable and unwarranted under the circumstances." Florez v. Broward Sheriff's Off., 270 So. 3d 417, 421 (Fla. 4th DCA 2019); City of Boca Raton v. Basso, 242 So. 3d 1141, 1143 (Fla. 4th DCA 2018).

Plaintiff has failed to allege a plausible claim for false imprisonment or arrest. While the Court may infer that Plaintiff believed he was being detained against his will when security officers encircled him, there are no factual allegations establishing that the detention was unlawful or was unreasonable under the circumstances. Thus, Plaintiff has failed to state a claim for false imprisonment or arrest, and dismissal of these claims are warranted.

### (4)  Negligence and Breach of Contract

Liberally construing the Amended Complaint, Plaintiff appears to allege that the Defendants acted negligently by failing to provide patient safety, or may have breached a contractual duty. (Doc. #14, ¶ 6.) More specifically, it states "[n]egligent in duty and violates contract in duty. All security owed me patient safey [sic]. They place me in a constant position . . . where my life is constantly in danger."[4] (Id.)

The Court finds that Plaintiff has failed to state a negligence claim upon which relief may be granted under Rule

---

[4] As a hospital patient, Plaintiff was a business invitee on Healthpark's property. See Hammer v. Lee Memorial Health Sys., No. 2:18-cv-347, 2018 U.S. Dist. LEXIS 130583, 2018 WL 3707832, at *3 n.1 (M.D. Fla. Aug. 3, 2018) (citing Post v. Lunney, 261 So. 2d 146, 147-48 (Fla. 1972)("A hospital patient is a business invitee under Florida law.")). While Healthpark may have a duty to take ordinary and reasonable care to keep its premises reasonably safe for invitees like Plaintiff, Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011), Healthpark is not a named defendant in this matter.

- 10 -

12(b)(6).   A claim for negligence requires: (1) the existence of a duty; (2) breach of that duty; (3) the breach of the duty was the proximate cause of injury; and (4) actual loss or damages. Tank Tech, Inc. v. Valley Tank Testing, L.L.C., 244 So. 3d 383, 392 (Fla. 2d DCA 2018). Here, Plaintiff has not sufficiently alleged any facts demonstrating that each Defendant owed Plaintiff a duty to keep him safe, or that a breach of that duty was the proximate cause of any injury.   The Court therefore dismisses Plaintiff's negligence claim.

To the extent Plaintiff is alleging that Defendants breached a contractual duty, he also fails to state such a claim showing he is entitled to relief. Under Florida law, a breach of contract claim requires the existence of a valid contract between the parties, a material breach of that contract, and resulting damages. Havens v. Coast Fla., 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013). The Amended Complaint fails to identify a contract to which any of the Defendants were a party, or how such a contract was breached, which leaves the Court with only Plaintiff's bare assertion that Defendants breached a contractual duty.   This manner of pleading will not suffice. See Mamani, 654 F.3d 1148, 1153 (11th Cir. 2011) ("[l]egal conclusions without adequate factual support are entitled to no assumption of truth."). Defendants' motion to dismiss this claim is granted.

**(5)   Unlawful Release of Medical Information**

The Amended Complaint alleges that Plaintiff's medical records were illegally accessed, stolen, and released to the public. (Doc. #14, ¶¶ 2, 8-9.)  In the Court's previous Opinion and Order regarding Defendants' motion to dismiss the original Complaint, Plaintiff's claim for unlawful disclosure of his medical records pursuant to the Health Insurance Portability and Accountability Act (HIPAA) was dismissed with prejudice as there is no private right of action.  (Doc. #9, p. 11.)  While the Amended Complaint does not assert any HIPAA cause of action per se, it fails to provide any legal basis on which Defendants could be held liable for releasing medical records. See Iqbal, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Accordingly, dismissal as to any claim for unlawful release of medical records is granted.

The Court will provide Plaintiff one final opportunity to remedy the deficiencies noted in the Amended Complaint.  If the second amended complaint is a shotgun pleading or fails to set forth any claim upon which relief may be granted, the Court will dismiss it with prejudice. See Cummings v. Mitchell, No. 20-14784, 2022 WL 301697, 2022 U.S. App. LEXIS 3036, at *1 (11th Cir. Feb. 2, 2022)(finding the district court did not abuse its discretion by dismissing the plaintiff's second amended complaint with

prejudice on shotgun pleading grounds because she failed to correct the specific defects despite having a meaningful chance to fix it).

The Court reemphasizes some general instructions for filing a second amended complaint — it must (1) assert each claim in a separate numbered count; (2) clearly identify the specific defendant(s) against whom each claim is asserted; (3) clearly explain the factual allegations supporting each claim and their application to each defendant against whom the claim is asserted; (4) avoid vague, generalized, conclusory, contradictory or irrelevant assertions; and (5) avoid incorporating prior counts into those which follow.

Accordingly, it is hereby

**ORDERED:**

1.    The Amended Complaint (Doc. #14) is **DISMISSED without prejudice.**

2.    Plaintiff may file a second amended complaint within **FOURTEEN (14) DAYS** from the date of this Order.  Failure to do so will result in closure of the case without further order.

3.    If and when filed, Defendants shall answer or otherwise respond to the second amended complaint within **FOURTEEN (14) DAYS** of the date of service.

      **DONE** and **ORDERED** at Fort Myers, Florida, this   1st   day of

August, 2022.


                                       _____

                                       JOHN E. STEELE
                                     SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of Record